IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Wesley R. Tarpley, *et al.*, | : | |
| Plaintiffs | : | Civil Action 2:09-cv-00199 |
| v. | : | Judge Sargus |
| Jefferson County Commissioners, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Wesley R. Tarpley, Jerome Henderson, Ja'Ron S. Williams,[1] Sheldon L. Jackson, and Travis McIntyre, prisoners at the Jefferson County, Ohio Jail, brought this action alleging that the conditions of confinement at the Jail are unconstitutional. However, they neither paid the Court's $350 filing fee nor moved to proceed *in forma pauperis*. On March 25, 2009, the Court issued a Deficiency Order requiring plaintiffs to either pay the $350 filing fee or fill out and execute the attached Application and Affidavit by An Incarcerated Person to Proceed Without Prepayment of Fees and costs and submit it together with the Jail Cashier's statement of his inmate funds within thirty days. They were warned that failure to do so would result in the Court dismissing the case for failure to prosecute. *McGore v. Wrigglesworth,* 114 F.3d 601, 605 (6th Cir. 1997).

Plaintiff Ja'Ron Williams's July 17, 2009 motion to proceed *in forma pauperis* (doc.

---

[1]The March 25, 2009 Deficiency Order refers to Ja'Ron S. Williams as Ja'thon S. Williams, but Williams has written to the Court stating that his first name is Ja'Ron. Doc. 9.

28) is GRANTED. Plaintiff Ja'Ron Williams's affidavit reveals that he currently possesses the sum of $0.50 in his prison account which is insufficient to pay the full filing fee. His application indicates that his average monthly balance for a six-month period prior to filing his application to proceed *in forma pauperis* was $0.00.

Pursuant to 28 U.S.C. §1915(b)(1), the custodian of plaintiff Ja'Ron Williams's inmate trust account (#653050) at the institution where he now resides is directed to submit to the Clerk of the United States District Court for the Southern District of Ohio, as an initial partial payment, twenty percent (20%) of the greater of <u>either</u> the average monthly deposits to the inmate trust account <u>or</u> the average monthly balance in the inmate trust account, for the six (6) months immediately preceding the filing of the complaint.

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff Williams's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full fees of three hundred and fifty dollars ($350) have been paid to the clerk of this court. 28 U.S.C. §1915(b)(2). See, *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

>Prisoner Accounts Receivable
>260 U.S. Courthouse
>85 Marconi Boulevard

Columbus, OH 43215

The prisoner's name and this case number must be included on each check.

A prisoner may not be prohibited from bringing a civil action because he has no assets and no means to pay the initial filing fee. 28 U.S.C. §1915(b)(4). If plaintiff does not currently possess the funds to pay the initial filing fee, the amount assessed by this Court will be collected from plaintiff's prison account when such funds become available.

WHEREUPON, it is ORDERED that plaintiff Ja'Ron Williams be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

Plaintiffs Wesley R. Tarpley, Jerome Henderson, Sheldon L. Jackson, and Travis McIntyre have not paid the $350 filing fee, and they have not filed applications to proceed without prepayment of fees and costs. Tarpley filed a motion on July 10 asking for a general 60-day extension of time because he is currently in a county jail and believes he will be transferred to two different prisons soon. He did not mention the Deficiency Order in his motion. Nonetheless, since Tarpley may not have received timely notice of the March 25 Deficiency Order, it is ORDERED that plaintiff Tarpley either pay the $350 filing fee or an application to proceed without prepayment of fees and costs on or before **September 9, 2009.**

It is RECOMMENDED that plaintiffs Jerome Henderson, Sheldon L. Jackson, and Travis McIntyre be DISMISSED from this lawsuit because they have not paid the

$350 filing fee and they have not filed applications to proceed without prepayment of fees and costs.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge
