IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WESLEY R. TARPLEY, et al.
    Plaintiffs,
v.
JEFFERSON COUNTY
COMMISSIONERS, et al.
    Defendants.

Case No. 2:09-cv-199
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MARK R. ABEL

## ORDER

This matter is before the Court for consideration of Plaintiffs' Motion to Appeal Ruling of Magistrate Judge (Document 47) and Motion to Reconsider Motion for Appointment of Counsel and Class Action Lawsuit (Document 49). Plaintiffs seek reconsideration of the Magistrate Judge's rulings with respect to Documents 12, 13, 14, 15, and 16. Plaintiff's motions are **DENIED**.

In Document 12, Plaintiffs sought an extension of time in which to respond to Defendants' motion to strike. The extension was granted. (Document 17.)

Plaintiffs' June 15, 2009 motion to appoint counsel (Documents 13 and 14) was denied because the Magistrate Judge concluded that Plaintiff demonstrated that he has the ability to represent himself. (Document 25.) The Magistrate Judge's decision was not clearly erroneous or contrary to law.

Because Plaintiffs' June 15, 2009 motion to modify the complaint (Document 15) does not provide the Court with the proposed complaint, it was denied without prejudice (Document 53).

Plaintiff's motion for certification of class and subclass (Document 16) was properly denied (Document 24). As a prerequisite to class certification, Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." However, "pro se prisoners are not able to represent fairly [a] class." *Palasty v. Hawk*, 15 Fed. Appx. 197, 200 (6th Cir. 2001) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

For the reasons set forth above, Plaintiffs' motions (Documents 47 and 49) are hereby **DENIED**.

**IT IS SO ORDERED.**

1-19-2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**