IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WESLEY R. TARPLEY, et al.**
    **Plaintiffs,**
    v.
**JEFFERSON COUNTY COMMISSIONERS, et al.**
    **Defendants.**

Case No. 2:09-cv-199
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MARK R. ABEL

## OPINION AND ORDER

Plaintiffs Wesley R. Tarpley, Jerome Henderson, Ja'Ron S. Williams, Sheldon L. Jackson, and Travis McIntyre, prisoners at the Jefferson County, Ohio Jail, brought this action alleging that the conditions of confinement at the jail are unconstitutional. This matter is before the Court on Plaintiff Wesley R. Tarpley's March 5, 2010 objection to the Magistrate Judge's January 13, 2010 Report and Recommendation recommending that Defendants Jefferson County Commissioners' July 15, 2009 motion to dismiss be granted (Doc. 68). Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **OVERRULES** Plaintiff's objections.

I.

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v.*

*Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

## II.

Tarpley alleges that the Jefferson County Commissioners have instituted policies to collect money from indigent inmates that violate section 341.06(B)(1) and Plaintiffs' due process and equal protection rights. Plaintiff also alleges that the Jefferson County Commissioners failed to provide a meaningful legal access program at the jail. Tarpley maintains he was held for a period of time after initial hearing in which he did not have an attorney. He also asserts that he did not have the ability to challenge the grand jury or get his car out of the impound lot. Tarpley maintains that the Jefferson County Commissioners should have performed an environmental study with respect to the proximity of the jail to the Ohio River and the train tracks. He contends that the tap water smelled badly, and the "D" block of the jail would fill up with smoke and soot because of the nearby trains.

2

Tarpley further asserts that the Jefferson County Commissioners set the overall tone of the jail and have failed to provide proper funding to train the sheriff and staff. Plaintiff contends that the Jefferson County Commissioners failed to provide funding for training concerning a legal access program, what constitutes sanitary living conditions, access to publications, health hazards in the jail, food preparation, and the handling of inmate medication.

Tarpley maintains that the maintenance of the building is the responsibility of the Jefferson County Commissioners, and the boiler has not been functioning for some time. He also asserts that the County Commissioners were responsible for choosing the site where the jail was built and the conducting studies to ensure the safety of the jail's staff and inmates. Tarpley also contends that the Jefferson County Commissioners are responsible for the yearly budget and monthly review of the allocated money per inmate per month.

## III.

Plaintiffs assert claims against the Jefferson County Commissioners in their official and individual capacities for violations of their Eighth Amendment rights due to the conditions of confinement. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the United States Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In his objections, Tarpley raises several new allegations, but the complaint simply alleges that:

> The Jefferson County Commissioners are the main actionable entity and set the overall tone and is responsible for the actions of the sheriff and the jail staff. They are responsible for the proper allocation of funds and setting the requirement for staff to be hired and work under at the jail and then their continued training. Therefore, as the main representative for Jefferson County, they have the overall responsibility for the actions of the sheriff and the staff.

Compl. ¶ 1.

As the Magistrate Judge stated, to establish liability under Section 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). A party cannot be held liable under Section 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Supervisory liability cannot be based upon the failure to act. *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Here, the complaint does not allege that any of the Jefferson County Commissioners were personally involved in the alleged constitutional deprivations.

Official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n.5 (1978)). A suit against the Jefferson County Commissioners in their official capacities is treated as a suit against the entity as long as the government entity receives notice and an opportunity to respond. *Id*. In an official-capacity action a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation or the entity's "policy or custom" played a part in the violation of federal law. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Plaintiff contends that the Jefferson County Commissioners have authority over the jail with respect to the building and the training of staff. Under Ohio Revised Code § 341.01, the sheriff, not the county commissioners, is responsible for the day-to-day operations of the jail:

4

> The sheriff shall have charge of the county jail and all persons confined therein. He shall keep such persons safely, attend to the jail, and govern and regulate the jail according to the minimum standards for jails in Ohio promulgated by the department of rehabilitation and correction.

Ohio Rev. Code § 341.01. The Jefferson County Commissioners have a limited set of powers and duties. *See* Ohio Rev. Code §§ 305.01, 307.01. They are responsible for providing a jail that meets the minimum design standards of the Ohio Code, but the allegations in the complaint do not concern the minimum design requirements. *See* Ohio Rev. Code §§ 307.01; *Loggins v. Franklin County, Ohio*, 218 Fed. Appx 466, 474 (6th Cir. Mar. 1. 2007).

The Magistrate Judge correctly concluded that the Jefferson County Commissioners could not be the moving force behind the deprivation or institute a policy or custom in the operation of the jail which resulted in the violation of federal law because the Jefferson County Commissioners do not have authority over the county jail. As a result, the complaint fails to a state a claim against them.

### IV.

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's January 13, 2010 Report and Recommendation recommending that Defendants Jefferson County Commissioners' July 15, 2009 motion to dismiss be granted. Defendants Jefferson County Commissioners are hereby **DISMISSED** from this lawsuit.

**IT IS SO ORDERED.**

_3-29-2010_
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**