IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Wesley R. Tarpley, *et al*,                      :

                 Plaintiffs           :      Civil Action 2:09-cv-00199

     v.                                        :      Judge Sargus

Jefferson County Commissioners, *et al.*,   :      Magistrate Judge Abel

               Defendants          :

# ORDER

Plaintiff's June 18, 2010 motion for leave of the Court for the production of documents (doc. 87) is DENIED because requests for discovery do not have to be filed with the Court. Requests for productions of documents are served on the opposing party, Rule 34(a). Fed. R. Civ. P., who then responds to them. Rule 34(b), Fed. R. Civ. P.

Plaintiff's June 18, 2010 motion for request to file interrogatories in excess of 25 on defendants (doc. 89) is DENIED. Rule 33(a)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." A court has discretion to permit additional interrogatories in accordance with Rule 26(b)(2). *Id*. However, Rule 26(b)(2)(C) requires a court to limit discovery if (1) the requested discovery is unreasonably cumulative or duplicative or can be obtained from a more convenient or less expensive source; (2) the party seeking discovery has had ample opportunity to

obtain the information sought; or (3) the burden or expense outweighs the likely benefit of the discovery. Leave to serve additional interrogatories has been denied where the requesting party failed to make "a particularized showing why the additional discovery is necessary." *King v. Butler Mfg. Co.*, No. 07-1165, 2008 U.S. Dist. LEXIS 64925, at *2 (W.D. Tenn. July 30, 2008). Here, plaintiff has not provided sufficient information for the Court to determine whether further interrogatories are necessary or whether they would impose an undue burden on defendants.

Plaintiff's June 18, 2010 motion for automatic disclosures (doc. 90) is DENIED. Rule 26(a)(1)(B)(iv) of the Federal Rules of Civil Procedure exempts "an action brought without an attorney by a person in the custody of . . . a state" from the prerequisites of Rule 26(a)(1)A. Plaintiff's request for Rule 26(a)(2) disclosures are premature. A party must make disclosures of expert witnesses at the time and in the sequence that the court orders. Absent a court order, disclosures must be made: (i) at least 90 days before the date set for the trial or for the case to be ready for trial; or (ii) if the evidence is intended to solely contradict rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure. *See*, Fed. R. Civ. P. 26(a)(2)(C)(i-ii). Because there is no court order for the disclosure of expert witnesses nor is there a date set for trial, the request for the disclosure of expert witnesses is premature. Plaintiff's request for Rule 26(a)(3) disclosures is also premature. Under Fed. R. Civ. P. 26(a)(3), a party must disclose the evidence that it may

2

present at trial at least 30 days before trial. Fed. R. Civ. P. 26(a)(3)(B). Because there is not a trial date currently set, the request for these disclosures is premature.

Plaintiff's July 12, 12010 motion for more time to complete discovery (doc. 97) is GRANTED. All discovery must be completed by September 30, 2010.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.


s/ Mark R. Abel
United States Magistrate Judge

3