IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Wesley R. Tarpley, *et al*, | : | |
| Plaintiffs | : | Civil Action 2:09-cv-00199 |
| v. | : | Judge Sargus |
| Jefferson County Commissioners, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**Report and Recommendation**

Plaintiff Wesley R. Tarpley, Jerome Henderson, Ja'Ron S. Williams, Sheldon L. Jackson, and Travis McIntyre, prisoners at the Jefferson County, Ohio Jail, brought this action alleging that the conditions of confinement at the Jail are unconstitutional. This matter is before the Magistrate Judge on defendants Fred Abdalla, Shawn Livingston, and Jason Fogle's August 30, 2010 unopposed motion for summary judgment on plaintiff Wesley Tarpley's claims (doc. 111).

As a preliminary matter, the Clerk of Court is DIRECTED to remove plaintiff Tarpley's October 6, 2010 request to file discovery items late (doc. 129). The deadline for completing discovery was October 30, 2010, and plaintiff's October 6, 2010 request to serve additional discovery requests was untimely. Plaintiff's request is MOOT. Plaintiff Tarpley's November 23, 2010 motion to compel production of documents (doc. 137) is DENIED because it is also is untimely.

1

Plaintiff's November 23, 2010 motion for more time to respond to defendants' motion for summary judgment (doc. 136) is DENIED.[1] This action was filed on March 13, 2009. On April 8, 2010 Order established deadlines for completing discovery and filing dispositive motions. The original deadline for discovery was June 30, 2010 and July 30, 2010 for dispositive motions. On May 24, 2010, plaintiff Tarpley's motion for an extension of time for completing discovery was granted. Discovery was to be completed by July 30, 2010. On July 13, 2010, plaintiff was granted another extension for completing discovery; the deadline was extended until September 30, 2010.

On August 30, 2010, defendants filed their motions for summary judgment. On September 8, 2010, plaintiff sought another extension of the discovery deadline. The motion was granted, and plaintiff was permitted to extend the discovery deadline until October 30, 2010. On September 14, 2010, plaintiff filed motions requesting extensions of time for completing discovery and for responding to defendants' motion for summary judgment. On September 15, 2010, the Magistrate Judge granted his requests in part. His motion for extending the discovery deadline was denied, but plaintiff was permitted to file a response to defendants's motion for summary judgment no later than October 30, 2010. Plaintiff's September 22, 2010 response to defendants' motion for summary judgment sought another extension, and Tarpley filed a motion to reconsider the

---

[1] Plaintiff seeks of an extension of time to file a response sometime in February or March 2011.

Magistrate Judge's order denying his motion to extend the discovery deadline. On October 4, 2001, the Court denied his motion to reconsider.

On November 11, 2010, plaintiff Tarpley was ordered file his brief within eleven days if he had any opposition to defendants' motion for summary judgment. On November 23, 2010, plaintiff Tarpley filed motions seeking an extension of time to respond to defendants' motions for summary judgment and to compel discovery.

### I.       Allegations in the Complaint

The complaint makes the following allegations. Plaintiffs were denied access to the courts because they only had pencils and the law library was inadequate. Defendants also would not provide plaintiffs with copies. Plaintiffs were not permitted access to publications other than what is provided by the jail. They were not permitted to obtain publications directly from publishers. Plaintiffs had not been permitted to have copies of the edition of the Bible that they desired.

Plaintiffs were charged for the medical care that they received in jail. Complete medical checks were not performed. Inmates had to make several requests for medication attention before they were treated. Guards dispensed medications without wearing gloves.

Sewer gas came into the jail from drains, and smoke from passing trains polluted the air. Water in the jail contained heavy amounts of rust. The water tasted and smelled bad.  Plaintiffs were not permitted to have sheets on their beds. The mattresses were

contaminated and not cleaned before someone else was required to sleep on them. The walls and vents were dirty.

Food was not served at the proper temperature. Plaintiffs received inadequate portions, and the quality of the food was poor. Very few hot breakfasts were provided. Inmates who did not eat regularly did not receive adequate nutrition.

Railings, cell doors, and bench seats were not painted and had rust on them. The cells, in addition to other areas of the facility, were not accessible for the physically disabled. The day room had no access to sunlight or fresh air. Only one boiler functioned.

Inmates in segregation were not permitted access to writing materials or bibles.

## II. Arguments of Defendants Fred Abdalla, Shawn Livingston, and Jason Fogle

Despite Tarpley's assertion that there was no grievance procedure at the Jefferson County Jail, he testified in his deposition that he was told to write a kite when he asked about the grievance procedure. Tarpley issued kites with respect to some of his claims, but not all of them. Tarpley failed to follow the grievance procedure concerning his complaints about his inability to obtain religious materials, the cleanliness of the jail, the food in the jail, or the book fees. As a result, defendants maintain that these claims must be dismissed for his failure to exhaust his administrative remedies.

4

Defendants argue that they are entitled to summary judgment on Tarpley's claim that his First Amendment rights were violated because he was not permitted to have a NIV Study Bible or a copy of the Georgetown Law Journal. Defendants maintain that his claims does not constitute a violation of his constitutional rights and that his complaints regarding this matter were resolved through the jail's administrative procedures. Initially, plaintiff received a King James Bible, and he eventually received a NIV Bible. Defendants also argue that plaintiff is not entitled to relief based on his claim that he was not permitted to have his copy of the Georgetown Law Journal that he received in the mail. After Tarpley complained to Sheriff Abdalla, he was permitted to have his copy of the journal. Defendants further argue that even if he had not received his publication, other courts have upheld the constitutionality of policies prohibiting inmates from receiving publications based on security concerns.

Defendants argue that plaintiff's claims concerning the adequacy of the law library fails because he never initiated any grievance procedure with respect to these issues. Even if he had exhausted his administrative remedies, defendants maintain that Tarpley could not prove a constitutional violation because he was represented by a public defender for all but 30 days of his incarceration at the Jefferson County Jail. Tarpley pursued one motion *pro se* during this time because his attorney believed the motion lacked merit. Defendants also argue that the fact that Tarpley initiated this law suit demonstrated that he was not prevented from filing any legal claim.

Defendants argue that Tarpley's Eighth Amendment claim asserting that he suffered cruel and unusual punishment as a result of the food, clothing, bedding, and sanitation at the jail fails because he cannot establish the objective component of the claim. According to defendants, Tarpley alleges nothing more than ordinary discomfort from the alleged unsatisfactory prison conditions.

With respect to his medical claims, defendants argue that plaintiff has not alleged that any of the defendants were involved in his allegations concerning the improper dispensing of his medication. As a result, he cannot recover against the defendants in their individual capacities based on this claims as a matter of law. Defendants further argue that plaintiff official capacity claims fail because he cannot demonstrate a policy or custom that was deliberately indifferent to his serious medical needs. Tarpley admitted that the officers dispensing his medications were not acting maliciously or intentionally when they gave him the incorrect doses of his medications. Tarpley points to no policy or custom that caused the error.

In his deposition, Tarpley argued that he was improperly charged booking fees by the Jefferson County Jail. Defendants maintain that this claims should be dismissed because he failed to exhaust his administrative remedies. Defendants further argue that under section 341.9 of the Ohio Revised Code, a county jail may require prisoners to pay a reception fee and fees for medication treatment, and a recent decision in the Northern District of Ohio upheld a jail's right to charge such fees.

6

Defendants argue that even if plaintiff could establish a constitutional violation, his claims are subject to the doctrine of qualified immunity.

### III.   Summary Judgment

Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original); *Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247-248.  The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978).  Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by

7

jury if they really have issues to try." *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 467 (1962); accord, *County of Oakland v. City of Berkeley*, 742 F.2d 289, 297 (6th Cir. 1984).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Association, Inc.*, 630 F.2d 1155, 1158 (6th Cir. 1980).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448 (1872)). As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his . . . [pleadings] in opposition to a properly supported motion for summary judgment against him." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 259 (1968)(footnote omitted).

When a motion for summary judgment is unopposed, the Court may properly limit its review to the facts relied on by defendant. It has no duty to search the record. *Guarino v. Brookfield Twp.*, 980 F.2d 399, 404-05 and 407 (6th Cir. 1992).

### IV. Discussion

#### A. First Amendment

Plaintiff Tarpley asserts two claims asserting violation of his rights under the First Amendment. Tarpley alleges that he was denied access to the Bible of his choosing and to the Georgetown Law Journal. Defendants have provided evidence that eventually plaintiff received both of the items that he requested.

#### B. Fifth, Sixth and Fourteenth Amendments

The complaint asserts that inadequacies at the law library at the Jefferson County Jail violated plaintiffs' rights under the Fifth, Sixth and Fourteenth Amendments. Prisoners have a "fundamental constitutional right of access to the courts [that] requires prison authorities to assist inmates in the preparation and filing of meaningful legal

9

papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). An inmate challenging the adequacy of the prison law library muse demonstrate that the alleged shortcomings have hindered his efforts to pursue a legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Here, plaintiff has not come forth with any evidence demonstrating that he was injured as a result of inadequacies in the law library.

### C. Eighth and Fourteenth Amendments

Pretrial detainees, such as plaintiff, are afforded protections under the Fourteenth Amendment analogous to protections afforded convicted prisoners under the Eighth Amendment. *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985).

#### 1. Conditions of Confinement

An Eighth Amendment claim challenging the conditions of confinement contains and objective and a subjective component.  To demonstrate the objective component the plaintiff must demonstrate that he has been deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer v. Brennan*, 511 U.S. 825 (1994).

> [E]xtreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society," *Rhodes, supra,* 452 U.S., at 347, 101 S. Ct., at 2399, "only those deprivations denying 'the

>minimal civilized measure of life's necessities' are sufficiently grave to
>form the basis of an Eighth Amendment violation." *Wilson* [*v. Seiter,*
> 501 U.S. 294, 298 (1991)] (quoting *Rhodes, supra,* 452 U.S., at 347, 101 S. Ct.,
>at 2399).

*Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "In assessing claims that conditions of confinement are cruel and unusual, courts must bear in mind that their inquiries 'spring from constitutional requirements and that judicial answers to them must reflect that fact rather than a court's idea of how best to operate a detention facility.'" *Rhodes v. Chapman*, 452 U.S. 337 (1981) (quoting *Bell v. Wolfish*, 441 U.S. 520, 539 (1979)).

Here, plaintiff has not provided any evidence demonstrating that he is suffered anything more than ordinary discomfort. In his deposition, he testified that he had headaches from the smoke from passing trains and that he could tell his iron levels were elevated from rust in the water. He also testified his skin was irritated because his bed did not have sheets. He also experienced a dry nose and itchy eyes from dust. These complaints, however, do not reflect that he has been deprived of the minimal civilized measure of life's necessities.

### 2. Deliberate Indifference to a Serious Medical Need

Under some circumstances, refusal to attend to the medical needs of prisoners can be violative of constitutional rights. In *Estelle v. Gamble,* 429 U.S. 97 (1976), the United States Supreme Court held that the Eighth Amendment requires the government to "provide medical care for those whom it is punishing by incarceration". *Id*. at 103. It further noted that:

11

>the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Id*. at 104.

The failure to attend to a serious medical needs only rises to the level of deprivation of civil rights where both an objective and a subjective requirement have been met. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). A plaintiff must objectively show the existence of a "sufficiently serious" medical need. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). Furthermore, he must satisfy the subjective requirement by showing that prison officials acted with "deliberate indifference" to the serious medical need. An official does so where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Harrison v. Ash*, 539 F.3d 510, 517 (6th Cir. 2008)(quoting *Farmer*, 511 U.S. at 837). The United States Supreme Court has recognized, however, that deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A failure to correctly diagnose a serious condition – or a failure to investigate a medical condition more closely – may sometimes constitute medical malpractice, but "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."

A medical need is objectively serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore*, 390 F.3d at 897 (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990)).

Here, Tarpley has not come forth with any evidence that he had a sufficiently serious injury.

### D.     Ohio Revised Code § 341.19

Plaintiffs' complaint contains no allegations concerning the constitutionality of section 341.19 of the Ohio Revised Code although he argued in his deposition that he was improperly charged booking fees by defendants. Defendants note, however, that the Northern District of Ohio recently upheld a jail's right to charge reception fees. *See Berry v. Lucas County Board of commissioners*, No. 3:08CV3005, 2010 WL 480981 (N.D. Oh. Feb. 4, 2010).

## V.     Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that defendants Fred Abdalla, Shawn Livingston, and Jason Fogle's August 30, 2010 unopposed motion for summary judgment on plaintiff Wesley Tarpley's claims (doc. 111) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof

in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge

14