IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Wesley R. Tarpley, *et al*, | : | |
| Plaintiffs | : | Civil Action 2:09-cv-00199 |
| v. | : | Judge Sargus |
| Jefferson County Commissioners, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**ORDER**

Plaintiff Wesley R. Tarpley, Jerome Henderson, Ja'Ron S. Williams, Sheldon L. Jackson, and Travis McIntyre, prisoners at the Jefferson County, Ohio Jail, brought this action alleging that the conditions of confinement at the Jail are unconstitutional. This matter is before the Court on plaintiff Ja'Ron Williams' January 3, 2011 and January 7, 2011 objections to the Magistrate Judge's December 13, 2010 Report and Recommendation recommending that defendants Fred Abdalla, Shawn Livingston, and Jason Fogle's August 30, 2010 motion for summary judgment be granted.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **GRANTS** defendants' motion for summary judgment (doc. 112).

Plaintiff's Objections. Plaintiff alleges that he was incarcerated at the Jefferson County Jail from the first week of November 2008 through March 12 or 13, 2009. While

1

incarcerated, he maintains that his constitutional rights were violated. He was severely injured when he was placed under arrest and transported to the jail. Upon his arrival at the jail, he could not walk, and no nurse was available to evaluate him. The following morning, the nurse asked him what was wrong, but she took no action and ignored his concerns. When he was taken to court, he had to be carried by the other inmates. He was held in contempt of court for complaining about his injuries. When he returned to the jail, defendant Livingston demanded his signature on intake papers, but he refused to let plaintiff make changes to the information. At that point, Williams collapsed on the floor and informed Livingston that he required medical treatment and hospitalization.

According to plaintiff, defendant Livingston transported him to a cell by wheelchair, but in doing so, Livingston purposefully rammed the wheelchair into the doorframe. Plaintiff maintains that the jail video footage would demonstrate that Livingston's actions were intentional. Plaintiff fell out of the wheelchair, and no one helped him get back up. Williams collapsed again when he attempted to enter the cell. Plaintiff maintains that it was clear to Livingston that he was in pain. At that point, Livingston called for assistance, and shift sergeant James Ice threw him into the cell. He maintains that up to ninety percent of his requests for medical care were denied. He wrote more than 15 kites while incarcerated at the jail.

In plaintiff Williams' second motion to reconsider, he maintains that he was denied access to the courts because he was not allowed to have any legal books or materials. Inmates in segregation are not permitted to have pencils, paper, envelopes, or

2

receive or send mail. No reading materials were permitted in segregation. The jail refused to transport to the law library at the Jefferson County courthouse.

The nurse continually ignored his medical complaints. Williams' hip continually popped in and out of the socket. He also had severe pain in his back. When he was in segregation, he only showered one time because he was in so much pain. He could barely leave his cell because he had so much difficulty walking.

Plaintiff Williams complained about the conditions in the jail to his court-appointed attorney, the judge, as well as the local news station once he was released.

Inmates received one hot meal for breakfast approximately once a month. He maintains that there were no meal options, and the meals were inadequate. Inmates received fresh fruit only once a week.

The water from the shower and sink was a dark brown or yellowish color.

Inmates were not permitted to receive cards, photographs, newspapers, magazines, or books of any kind. Although he was told that the pastor would provide him with a Bible free of charge, the pastor charged him for it.

Williams maintains that his legal property was taken from him and never delivered to his mother or girlfriend. His confidential legal papers are missing. His mail and kites are also missing.

<u>Summary Judgment</u>. Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

3

>admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original); *Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247-248. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 467 (1962); accord, *County of Oakland v. City of Berkeley*, 742 F.2d 289, 297 (6th Cir. 1984).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing

4

party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Association, Inc.*, 630 F.2d 1155, 1158 (6th Cir. 1980).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448 (1872)). As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his . . . [pleadings] in opposition to a properly supported motion for summary judgment against him." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 259 (1968)(footnote omitted).

5

First Amendment. Plaintiff alleges that his First Amendment rights were violated because he was not provided with a free copy of the Bible. Defendants are not required to provide free copies of the Bible under the First Amendment. *See, e.g., Haynie v. Turnbo*, 996 F.2d 307 (5th Cir. 1993)(unreported). The Magistrate Judge correctly concluded that plaintiff has failed to come forth with any evidence demonstrating that it is the policy of the of the Jefferson County Jail to deny inmates paper and pens. He also fails to identify any personal involvement by the named defendants. Furthermore, plaintiff has not provided any evidence contradicting defendants' assertion that the issue concerning access to his mail while in segregation was resolved after Williams issued a kite on the matter.

Fifth, Sixth and Fourteenth Amendments. The complaint asserts that inadequacies at the law library at the Jefferson County Jail violated plaintiffs' rights under the Fifth, Sixth and Fourteenth Amendments. Prisoners have a "fundamental constitutional right of access to the courts [that] requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). An inmate challenging the adequacy of the prison law library must demonstrate that the alleged shortcomings have hindered his efforts to pursue a legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). As the Magistrate Judge concluded, plaintiff Williams has not come forth with any evidence demonstrating that he was injured as a result of inadequacies in the law library.

6

<u>Eighth and Fourteenth Amendments</u>. Pretrial detainees, such as plaintiff, are afforded protections under the Fourteenth Amendment analogous to protections afforded convicted prisoners under the Eighth Amendment. *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985).

An Eighth Amendment claim challenging the conditions of confinement contains and objective and a subjective component. To demonstrate the objective component the plaintiff must demonstrate that he has been deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer v. Brennan*, 511 U.S. 825 (1994).

> [E]xtreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society," *Rhodes, supra,* 452 U.S., at 347, 101 S. Ct., at 2399, "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson [v. Seiter,* 501 U.S. 294, 298 (1991)] (quoting *Rhodes, supra,* 452 U.S., at 347, 101 S. Ct., at 2399).

*Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "In assessing claims that conditions of confinement are cruel and unusual, courts must bear in mind that their inquiries 'spring from constitutional requirements and that judicial answers to them must reflect that fact rather than a court's idea of how best to operate a detention facility.'" *Rhodes v. Chapman*, 452 U.S. 337 (1981) (quoting *Bell v. Wolfish*, 441 U.S. 520, 539 (1979)). The

7

Magistrate Judge correctly concluded that plaintiff has not provided any evidence demonstrating that he is suffered anything more than ordinary discomfort.

Under some circumstances, refusal to attend to the medical needs of prisoners can be violative of constitutional rights. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the United States Supreme Court held that the Eighth Amendment requires the government to "provide medical care for those whom it is punishing by incarceration". *Id*. at 103. It further noted that:

> the unnecessary and wanton infliction of pain is proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Id*. at 104.

The failure to attend to a serious medical needs only rises to the level of deprivation of civil rights where both an objective and a subjective requirement have been met. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). A plaintiff must objectively show the existence of a "sufficiently serious" medical need. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). Furthermore, he must satisfy the subjective requirement by showing that prison officials acted with "deliberate indifference" to the serious medical need. An official does so where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Harrison v. Ash*, 539 F.3d 510, 517 (6th Cir. 2008)(quoting *Farmer*, 511 U.S.

8

at 837). The United States Supreme Court has recognized, however, that deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A failure to correctly diagnose a serious condition – or a failure to investigate a medical condition more closely – may sometimes constitute medical malpractice, but "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."

A medical need is objectively serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore*, 390 F.3d at 897 (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990)).

Williams has not come forth with any evidence to demonstrate that he did not receive proper treatment for hip and back pain.

The Eighth Amendment also protects prisoners from cruel and unusual punishment. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is. . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). To maintain prison security, discipline may require that inmates be subjected to physical contact that would be actionable as assault under common law. *Combs v. Wilkinson*, 315 F.3d 548 (6th Cir. 2002). A violation of the Eighth Amendment only occurs when the conduct reflects an unnecessary and wanton infliction of pain. *Id.*

9

Factors to consider in determining whether the use of force was wanton and unnecessary include the extent of injury suffered by the inmate, "the need for application of force, the relationship between that need for force and the amount of force used, the threat "reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

Williams has not come forth with any evidence to suggest that Captain Livingston acted maliciously and sadistically to cause harm.

Ohio Revised Code § 341.19. Plaintiffs' complaint contains no allegations concerning the constitutionality of section 341.19 of the Ohio Revised Code although Williams argued in his deposition that he was improperly charged booking fees by defendants. Defendants note, however, that the Northern District of Ohio recently upheld a jail's right to charge reception fees. *See Berry v. Lucas County Board of commissioners*, No. 3:08CV3005, 2010 WL 480981 (N.D. Oh. Feb. 4, 2010).

Conclusion. For the reasons stated above, the Court OVERRULES Williams' January 3, 2011 and January 7, 2010 objections to the Magistrate Judge's December 13, 2010 Report and Recommendation and GRANTS defendants Fred Abdalla, Shawn Livingston, and Jason Fogle's August 30, 2010 motion for summary judgment on plaintiff Ja'Ron S. Williams' claims (doc. 112).

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendants Fred Abdalla, Shawn Livingston, and Jason Fogle with respect to plaintiff Williams claims.

_/s/ EAS Jr._  2-4-2011

Edmund A. Sargus, Jr.
United States District Judge